UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:01-0170 |
| | ) JUDGE ECHOLS |
| VOCATIONAL GUIDES, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Defendant Timothy Scott Jackson filed a Motion (Docket Entry No. 150) seeking permission to use for attorney's fees the amount of $11,050.00 he says was contributed by his wife, Jenny L. Gregory, to Jackson's "Buy A Business Fund." He asks that $3,500.00 of this fund be allotted for his brother's attorney and $7,550.00 for his own attorney. The FTC filed a response in opposition to the motion (Docket Entry No. 155) pointing out that the "Business Fund" is covered by the asset freeze now in place and that Jackson failed to provide a sworn declaration of his wife identifying the source of the funds.

Jackson also filed two motions asking permission to use a credit card to pay for attorney's fees. (Docket Entry Nos. 162 & 169.) Apparently both motions pertain to the same credit card. In the first motion, Jackson asked to use a Capital One credit card with available credit of $3,488.00, and Jackson provided the full account number. (Docket Entry No. 162.) In the second motion, Jackson asked to use a Mastercard with $3,500.00 available credit, and he provided the last four digits of the credit card, which are the same as the last four digits of the account number identified in the first motion. (Docket Entry No. 169.) The FTC filed a response to Jackson's first motion

1

stating it had no opposition, so long as Jackson's use of the credit card was limited to the currently available credit line and the FTC had the opportunity to review and comment on any additional requests to expand the credit limit on the card to use the expanded limit for attorney's fees. (Docket Entry No. 164.) The FTC has not had an opportunity to respond to Jackson's second motion concerning the credit card, but the Court assumes the FTC's response would be the same as to the first motion.

The asset freeze, which the Court first entered with the temporary restraining order on October 21, 2008 (Docket Entry No. 103) and then extended by entry of the preliminary injunction on November 13, 2008 (Docket Entry No. 120), expressly covers the "Business Fund" and the credit card in the definition of "assets." Moreover, the asset freeze expressly forbids Defendant Jackson from spending assets covered by the asset freeze or "incurring charges or cash advances on any credit card issued in his name." (Docket Entry No. 120, Preliminary Injunction at I.A.1. & 3.) Although Defendant Jackson did not make clear whether the credit card was issued in his name or that of the corporation, he asked permission in his first motion to use "my" credit card. The Court infers that the credit card was issued in Defendant Jackson's name.

Because Defendant Jackson has not established by evidence that the source of the $11,050.00 "Buy A Business Fund" is not proceeds of the allegedly fraudulent activity and because neither the FTC nor the parties jointly have sought permission to amend the asset freeze order to permit Defendant Jackson to incur charges on a personal credit card,

(1) Defendant Jackson's Motion (Docket Entry No. 150) is hereby DENIED;

(2) Defendant Jackson's Motion for Permission to Use Credit Card With Available Credit Of For (sic) Legal Representation (Docket Entry No. 162) is hereby DENIED; and

(3) Defendant Jackson's Motion For Permission from Judge Echols to Use Credit Card With Available Credit for Legal Representation (Docket Entry No. 169) is hereby DENIED.

(4) The Court is willing to allow Defendant Jackson to use individual assets for attorney's fees if Defendant Jackson has provided the FTC all financial information requested as ordered in the Preliminary Injunction, if a proper motion to modify the asset freeze is filed, and if Defendant Jackson can prove the assets requested for attorney's fees are untainted by any alleged fraudulent activity.

It is so ORDERED.

                                        ROBERT L. ECHOLS
                                        UNITED STATES DISTRICT JUDGE