UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 3:01-0170 |
| | ) JUDGE ECHOLS |
| **VOCATIONAL GUIDES, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Defendant Timothy Scott Jackson filed a Motion For Permission To Use Credit Card With Available Credit Of For (sic) Legal Representation. (Docket Entry No. 165.) He requests permission to use a credit card issued in the name of his wife, Jenny Gregory, with available credit of $1,600.00, for payment of attorney's fees. The Federal Trade Commission ("FTC") filed a response indicating it has no opposition to the motion. The asset freeze currently in place does not apply to a credit card issued in the name of Jenny Gregory. The asset freeze only precludes Timothy Jackson from "[i]ncurring charges or cash advances on any credit card issued in his name." (Docket Entry No. 120 at 5.) Because the asset freeze does not apply and the FTC does not object, the Court hereby GRANTS Jackson's motion seeking permission to use his wife's Master Card credit card with the last four digits of 1256 for the purpose of retaining and paying an attorney.

Jackson also filed a Motion to Amend the Asset Freeze to Allow Defendant Jackson to Use Available Credit On Credit Card For Legal Representation. (Docket Entry No. 171.) In this second motion, Jackson asks the Court to amend the asset freeze so that Jackson can use a Master Card credit card issued in his own name, ending in the last four digits 9429 with available credit of

1

$3,488.00, to pay attorney's fees. The FTC opposes this motion because Jackson did not provide complete financial information to the FTC as required by the preliminary injunction and Jackson has not complied with conditions for lifting the asset freeze imposed in the Court's previous Order. (Docket Entry No. 170.)

In the prior Order, the Court stated it would be willing to allow Jackson to use individual assets for attorney's fees if Jackson has provided the FTC all financial information requested as ordered in the preliminary injunction and Jackson can prove the assets requested for attorney's fees are untainted by any alleged fraudulent activity. The attachments submitted with the FTC's response show that Jackson has not provided all financial information requested. Jackson took the Fifth Amendment repeatedly during his deposition in response to questions about his income and assets, and he left blank entire portions of the form financial statements submitted to him by the FTC. The Court is not aware of any criminal proceeding pending against Jackson, but he may have asserted his Fifth Amendment right in anticipation of one. Nonetheless, a defendant in a civil proceeding "has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." Keating v. Office of Thrift Supervision, 45 F.3d 322, 326 (9th Cir. 1995) "Not only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding." Id. (citing Baxter v. Palmigiano, 425 U.S. 308, 318 (1976)). Thus, Jackson's refusal to provide pertinent financial information to the FTC in this civil proceeding does not comply with the Court's previous Order. (Docket Entry No. 170.)

2

Case 3:01-cv-00170   Document 177   Filed 01/06/09   Page 2 of 3 PageID #: 3245

Alternatively, Jackson has not provided the Court with any proof that the Master Card credit card he wishes to use to pay fees to an attorney is not tainted by allegedly fraudulent activity. For these reasons, Jackson's Motion to Amend the Asset Freeze (Docket Entry No. 171) is hereby DENIED.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

3