| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION,**<br>**Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CIVIL NO. 3-01-0170** |
| | ) | **JUDGE ROBERT L. ECHOLS** |
| **VOCATIONAL GUIDES, INC., and** | ) | **MAGISTRATE _____** |
| **TIMOTHY SCOTT JACKSON,** | ) | |
| **Defendants.** | ) | |
| | ) | |

[Proposed]

**ORDER HOLDING TIMOTHY SCOTT JACKSON AND GRANT INFO SYSTEMS LLC
IN CONTEMPT OF THE STIPULATED FINAL ORDER OF JULY 27, 2001**

The Federal Trade Commission ("FTC" or "Commission") commenced this contempt

proceeding on October 16, 2008 with an *Ex Parte* Motion for Order To Show Cause Why

Timothy Scott Jackson and Grant Info Systems LLC Should Not Be Held In Contempt

("Contempt Motion"). The motion was predicated on the Commission's allegations that the

contempt defendants had violated Section II.A of the Stipulated Final Judgment and Order For

Permanent Injunction ("Final Order") entered by the Court on July 27, 2001 by making

misrepresentations in the marketing and sale of a program promising consumers they would

obtain grant monies worth thousands of dollars for their personal needs. By decision and order

in this case dated November 9, 2006 (DE #s 84 and 85), the Court has already held Jackson and

another company, GIS, Inc. in contempt for misrepresentations involving alleged grant

assistance substantially similar to those at issue in the current proceeding.

Having held a contempt hearing on January 8-9, 2009 and having reviewed all the evidence submitted therein, including the testimony of witnesses and all exhibits submitted by the parties, the Court issued a Memorandum Opinion holding Timothy Scott Jackson and Grant Info Systems LLC in **CIVIL CONTEMPT** for their failure to comply with Section II.A of the Final Order. Based on the Findings of Fact and Conclusions of Law in its Memorandum Opinion, the Court now **ORDERS, ADJUDGES, AND DECREES** as follows:

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

A.      "Assets" means any legal or equitable interest in, right to, or claim to, any and all real and personal property of the contempt defendants, or held for the benefit of the contempt defendants, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, inventory, checks, notes, accounts, credits, receivables, shares of stock, contracts, and all cash and currency, or other assets, or any interest therein, wherever located.

B.      "Contempt defendants" means Timothy Scott Jackson ("Jackson") and Grant Info Systems LLC ("Grant Info") and each of them, individually and jointly, and their successors and assigns.

## I.

## CONTEMPT JUDGMENT AGAINST JACKSON AND GRANT INFO

**IT IS ORDERED** that:

A.      Contempt defendants are jointly and severally liable as a result of their contumacious conduct in the amount of $7,644,069.20. Judgment is hereby entered in favor of

2

the FTC against Jackson and Grant Info, jointly and severally, in that amount, which is immediately due and payable. The FTC is entitled to interest on the judgment, computed from the date of entry of this Order at the rate prescribed under 28 U.S.C. § 1961, as amended. The FTC may execute upon the judgment immediately.

B. The judgment set forth in Section A, above, is separate and distinct from the judgment set forth in the Court's November 9, 2006 Order dealing with the earlier contempt involving Jackson, and shall in no way be construed as relieving Jackson, or any of the other parties named in that Order, from that judgment.

## II.

### TURNOVER OF ASSETS HELD BY OR FOR THE BENEFIT OF CONTEMPT DEFENDANTS JACKSON AND GRANT INFO

**IT IS FURTHER ORDERED** that:

A. Jackson shall cause to be transferred to the Commission or its designated agent(s), at a time and place designated by the FTC, cash in any amount, as well as any other assets with a value of five hundred dollars ($500) or more, held by him or for his benefit, whether within or outside the territory of the United States. These assets include, but are not limited to, all items which Jackson identified in his responses to items 20 and 21 of his sworn personal financial disclosure statement dated November 21, 2008, as well as any items identified in the attachment to that statement. The relevant pages from the financial disclosure statement are appended hereto as Attachment A.

B. Contempt defendants relinquish all dominion, title, and control to any assets which they turn over to the FTC or its designated agent pursuant to this section.

C. Any and all funds obtained by the Commission from contempt defendants' assets

shall be deposited into a fund administered by the Commission or its designated agents to be used for consumer redress and any attendant expenses for the administration of any redress fund. In the event that redress to purchasers is wholly or partially impracticable, or any funds remain after redress is completed, the Commission may apply any remaining funds to such relief (including consumer information remedies) as it determines to be reasonably related to contempt defendants' contumacious practices. Any funds not used for such relief shall be deposited in the United States Treasury as disgorgement. Contempt defendants shall have no right to contest the manner of distribution or other disposition of funds chosen by the Commission.

*Provided, however*, that the Commission or its designated agent(s) shall have the discretion to decline to accept the transfer of any asset covered by the turnover provisions of this Section. To the extent the Commission or its designated agent(s) do not accept an asset, contempt defendants shall no longer have an obligation to transfer such asset.

## IV.

## SEVERABILITY

**IT IS FURTHER ORDERED** that the provisions of this Order are separate and severable from one another. If any provision is stayed or determined to be invalid, the remaining provisions shall remain in full force and effect.

4

# V.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated: _____April 6_____, 2009

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

Case 3:01-cv-00170   Document 191   Filed 04/06/09   Page 5 of 10 PageID #: 4177

# ATTACHMENT A

## BACKGROUND INFORMATION

**Item 1.**     **Information About You**

Your Full Name _Timothy S. Jackson_     Social Security No ▮▮▮▮▮

Place of Birth _Tell City, IN_  Date of Birth ▮▮▮▮▮  Drivers License No. ▮▮▮▮▮

Current Address ▮▮▮▮▮     From (Date) _Sept. 1, 2008_

Rent or Own? _Rent_ Telephone No. _615-445-9806_  Facsimile No. _615-915-3420_

E-Mail Address ▮▮▮▮▮     Internet Home Page _N/A_

Previous Addresses for past five years:

Address _209 Newton Nook 37027_  Rent or Own? _Rent_ From/Until _Nov 05 - Aug 08_

Address _420 Welshwood Dr, 37211_  Rent or Own? _Rent_ From/Until _Aug - Nov 2005_

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they

were used _____

**Item 2.**     **Information About Your Sponse or Live-In Companion**

Spouse/Companion's Name _Jenny Gregory_     Social Security No. ▮▮▮▮▮

Place of Birth _Denver, CO_     Date of Birth ▮▮▮▮▮

Identify any other name(s) and/or social security number(s) your spouse/companion has used, and the time period(s)

during which they were used _____

Address (if different from yours) _____

From (Date) _____ Rent or Own? _____ Telephone No. _____

Employer's Name and Address _Tom James Co._

Job Title _Sales_  Years in Present Job _2_  Annual Gross Salary/Wages $ ▮▮▮▮▮

**Item 3.**     **Information About Your Previous Sponse**

Previous Spouse's Name & Address _Dora Helena Ortegon_

_____ Social Security No. ▮▮▮▮▮  Date of Birth ▮▮▮▮▮

**Item 4.**     **Contact Information**

Case 3:09-cv-00170 Document 104 Filed 04/06/2009 Page 7 of 10 PageID #: 4179

furniture and household goods of value, computer equipment, electronics, coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Property Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| Household goods, Storage1 | Helena/Tim | Amer. Stor D46 | $149,504 | $100,357 |
| Office Furniture Storage2 | Helena/Tim | Amer Stor B43 | $14,536 | $9,200 |
| Household goods, Apt. | Helena/Tim | 5721 Edmond, Nashville | $7,000 | $4,180 |
| Vehicle-2004 Escalade | James/Tim | 5721 Edmond, Nashville | $39,000 | $18,225 |
| Vehicle 2006 280slk | Jenny/Tim | 5721 Edmond, Nashville | $36,000 | $29,400 |
| See attached | | | $ | $ |

## Item 21.    Cars, Trucks, Motorcycles, Boats, Airplanes, and Other Vehicles

List all cars, trucks, motorcycles, boats, airplanes, and other vehicles owned or operated by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

►Vehicle Type __SUV__   Make __Cad__   Model __Escalade__   Year __2004__

Registered Owner's Name __James O. Jackson__ Registration State & No. ▮▮▮▮▮

Address of Vehicle's Location ▮▮▮▮▮

Purchase Price $ __39,000__   Current Value $ __18,225__   Account/Loan No. __/__

Lender's Name and Address __/__

Original Loan Amount $_____/_____ Current Loan Balance $_____/_____ Monthly Payment $_____/_____

►Vehicle Type __Coupe__   Make __Mer__   Model __SLK 280__   Year __2006__

Registered Owner's Name __Jenny J Gregory__ Registration State & No. ▮▮▮▮▮

Address of Vehicle's Location ▮▮▮▮▮

Purchase Price $ __36,000__   Current Value $ __29,400__   Account/Loan No. __/__

Lender's Name and Address _____

Original Loan Amount $ ·_____ Current Loan Balance $_____ Monthly Payment $_____

## Item 21.  Continued

►Vehicle Type _____   Make _____   Model _____   Year _____

# ATTACHMENTS

### Item 33.      Documents Attached to this Financial Statement

List all documents that are being submitted with this financial statement.

| Item No. Document Relates To | Description of Document |
|---|---|
| Items 20, 21, 31 | Detailed list of Assets |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

     I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_11-21-08_
(Date)

Signature _Timothy Jackson_

## Disclosure of Assets and Estimated Value. TJ

01. Storage: 1
   Piano-$25,700k
   Pool-$7,600k
   Sauna-$2,000k
   Bedrm Suite-$4,200k
   Home Theater-$36,400k
   2 Desk-$3,600k
   Dining Suit-$3,400.
   China-$2,300.
   Sectional-$3,400.
   Coffee Tables-$900.
   Washer/Dryer $2,400.
   Bicycle-$345.
   Exercise equipment-$2,012.
   Fireplace-$3,100.
   Outdoor Water Fountain-$3,000.
Total..................$100,357k

02. Storage 2
   Office Stations-$9,200k
Total..................$9,200k

03. Vehicles
   2004 Escalade-$18,225.
   2006 SLK280-$29,400.
Total..................$47,625k

04. Apartment
   Kitchen table-$200.
   Freezer-$80.
   Living Room set-$400
   T.V. $1,100.
   Treadmill-$200.
   Bedroom Suite-$400.
   Bedroom Suite-$400.
   Office Desk-$300.
   Copy machine-$150.
   Laptop-$850.
Total..................$4,080.k

   Total Assets...........$161,262.

FTC Ex. 46-281