UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>Plaintiff,<br><br>v.<br><br>VOCATIONAL GUIDES, INC., and<br>TIMOTHY SCOTT JACKSON,<br>Defendants. | CIVIL NO. 3-01-0170<br>JUDGE ROBERT L. ECHOLS<br>MAGISTRATE \_\_\_\_\_ |

## ~~(Proposed)~~ SUPPLEMENTAL FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AS TO DEFENDANT JACKSON

On July 27, 2001, this Court entered a Stipulated Final Judgment and Order for Permanent Injunction ("Final Order") against defendants Vocational Guides and Timothy Scott Jackson. The Commission, in conjunction with a motion for a civil contempt order, has filed a motion to modify the Court's Final Order with respect to defendant Jackson, pursuant to Fed. R. Civ. P. 60(b). Having considered the arguments and evidence presented, the Court finds and orders:

### FINDINGS

1. This Court entered a Final Order against defendant Jackson on July 27, 2001.

2. Defendant Jackson received actual notice of the Final Order.

Page 1 of 13

3. Section II.A of the Final Order prohibits Jackson "in connection with the marketing, offering for sale, or sale of any good or service" from "misrepresenting the benefit of using the good or service."

4. On November 10, 2005, the Commission filed a contempt proceeding against Jackson and a company he controlled - GIS Inc. ("GIS"). The FTC alleged, among other things, that they had violated Section II.A of the Final Order by making misrepresentations in a program offering consumers purported assistance in obtaining federal grants. The program operated between January 2004 and March 2005

5. On November 9, 2006, the Court held that Jackson violated the Final Order. Among other things the Court found that GIS's marketing program had "grossly misrepresented the availability of government grants to individuals and the benefit of using the GIS grant information materials to apply for such grants." *FTC v. Vocational Guides*, 2006 U.S. WL 3254517 at *13. Although Jackson's father, James O. Jackson, and, later, his ex-wife, Dora Ortegon, were listed as the company's principals in public filings with the State of Tennessee, the Court held that "Jackson controlled GIS at all times." *Id.* at *3. The Findings in this Supplemental Final Order incorporate the findings of fact in the Court's November 9, 2006 contempt ruling.

6. On November 9, 2006, the Court also entered a Contempt Order against Timothy Scott Jackson, Dora Ortegon, and GIS, Inc. (DE #85). The Order stated, among other things, that Jackson was individually liable for $371,506 and jointly liable with GIS for an additional $2,373,351.26.

8. On May 15, 2005 – two months after GIS ceased doing business - Grant Info Systems LLC ("Grant Info") was incorporated in the name of Jackson's brother, James B.

Jackson. Like GIS, Grant Info marketed a program offering consumers purported assistance in obtaining federal grants.

9. Pursuant to a contempt proceeding brought by the FTC, the Court held that Grant Info misrepresented the benefits of its program. The Court held additionally that Timothy Jackson controlled Grant Info's operation between May 2005 and October 2007, notwithstanding the fact that his brother was listed as the company's principal on its public documents. Accordingly, the Court concluded that Jackson had once again violated Section II.A of the Final Order. The Findings in this Supplemental Final Order incorporate the findings of fact in the Court's contempt ruling.

10. Jackson's contumacious conduct with GIS and his additional contumacious conduct with Grant Info constitute changed circumstances that require the Final Order to be modified to achieve its purpose pursuant to Fed R. Civ. P. 60(b).

11. The Court's Final Order, entered on July 27, 2001, and its subsequent Contempt Orders cited in these findings, remain in full force and effect, except as specifically superseded herein.

14. Entry of this Supplemental Final Order is in the public interest.

## DEFINITIONS

For purposes of the Supplemental Final Order, the following definitions apply:

1. **"Defendant"** or **"Jackson"** means Timothy Scott Jackson.

2. **"Grant Info"** means Grant Info Systems LLC, and its successors and assigns.

3. **"Grant Procurement Goods or Services"** means any goods or services which are advertised, offered for sale, or sold to consumers as a means or method by which consumers may obtain, receive, apply for, or learn how to obtain, receive, or apply for a

grant, including, but not limited to, information, instructions assistance, or advice relating to obtaining, receiving, or applying for a grant.

4. **"Grant"** means economic aid, consisting of money or something of value, issued by any governmental or private entity, for use by a person, group, or entity. Grants may be restricted or unrestricted in use and may or may not be subject to repayment.

5. **"Telemarketing"** means any plan, program or campaign (whether or not covered by the Telemarketing Sales Rule, 16 C.F.R. Part 310) that is conducted to induce the purchase of goods or services by means of the use of one or more telephones.

6. **"Document"** is synonymous in meaning and equal in scope to the terms, "document" and "electronically stored information," as described and used in the Federal Rules of Civil Procedure, 34(a)(1)(A).

## ORDER

### I.

### TELEMARKETING BAN

**IT IS THEREFORE ORDERED** that Jackson is permanently restrained and enjoined from participating in any manner or capacity whatsoever, directly or indirectly, in concert with others, individually, or through any business entity or other device, in telemarketing.

### II.

### BAN ON MARKETING OR SALE OF GRANT PROCUREMENT GOODS OR SERVICES

**IT IS FURTHER ORDERED** that Jackson is permanently restrained and enjoined from participating in any manner or capacity whatsoever, directly or indirectly, in concert with others, individually, or through any business entity or other device, in advertising, promoting, offering

for sale, or selling grant procurement goods or services.

## III.

### PROHIBITED MISREPRESENTATIONS
### (Replaces § II of the Final Order)

**IT IS FURTHER ORDERED** that Jackson and his agents, employees, officers, corporations, and those persons in active concert or participation with him who receive actual notice of this Stipulated Order by personal service or otherwise, in connection with the advertising, promoting, offering for sale, or selling of any goods or services are hereby permanently restrained and enjoined from making or assisting others in making, expressly or by implication, any material misrepresentation, including, but not limited to, misrepresenting:

- A. the benefit of any good or service;
- B. the identity of the seller;
- C. the affiliation of the seller with any government entity or other organization;
- D. past success in providing goods or services;
- E. any aspect of the terms of a refund policy or service contract; or
- F. the terms, effect, or purpose of this Stipulated Order.

## IV.

### COMPLIANCE MONITORING
### (Replaces §§ IX and X of the Final Order)

**IT IS FURTHER ORDERED** that for the purpose of monitoring and investigating compliance with any provision of this Supplemental Final Order:

- A. Within ten (10) days of receipt of written notice from a representative of the Commission, Jackson shall submit an additional written report, which is true and

accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in his possession or direct or indirect control to inspect the business operation;

B. In addition, the Commission is authorized to use all other lawful means, including but not limited to:

1. Obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;

2. Posing as consumers and suppliers to any business entity managed or controlled in whole or in part by Jackson, without the necessity of identification or prior notice; and

C. Jackson shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

*Provided however,* that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

# V.

## COMPLIANCE REPORTING
### (Replaces § XII of the Final Order)

**IT IS FURTHER ORDERED** that compliance with the provisions of this Supplemental Final Order may be monitored:

 A. For a period of seven (7) years from the date of entry of this Order,

  1. Jackson shall notify the Commission of the following:

   a. Any changes in his residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

   b. Any changes in his employment status (including self-employment), and any change in his ownership in any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that Jackson is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of Jackson's duties and responsibilities in connection with the business or employment; and

   c. Any changes in Jackson's name or use of any aliases or fictitious names;

  2. Jackson shall notify the Commission of any changes in the structure of Grant Info, or any business entity that Jackson directly or indirectly controls, or has an ownership interest in, that may affect compliance

Page 7 of 13

obligations arising under this Order, including, but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the business entity about which Jackson learns less than thirty (30) days prior to the date such action is to take place, he shall notify the Commission as soon as is practicable after obtaining such knowledge.

B. One hundred eighty (180) days after the date of entry of this Order and semi-annually thereafter for a period of seven (7) years, Jackson shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which he has complied and is complying with this Order. This report shall include, but not be limited to:

1. Jackson's then-current residence addresses, mailing addresses, and telephone numbers;

2. Jackson's then-current employment status (including self-employment), including the name, addresses, and telephone numbers of each business that he is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of his duties and responsibilities in connection with the business or employment; and

3. Any other changes required to be reported under Subsection A of this Section.

C. Jackson shall supply the Commission with true and correct copies of his federal tax returns for the preceding year beginning on May 1, 2009, and thereafter continuing annually for a period of seven (7) years;

D. Jackson shall notify the Commission of the filing of a bankruptcy petition by him within fifteen (15) days of filing.

E. For the purposes of this Order, Jackson shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications required by this Order to the Commission, to the following address:

> Associate Director for Enforcement
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W., Room NJ-2122
> Washington, D.C. 20580
> Re: **FTC v. Vocational Guides,** Civ. No. 3-01-0170

*Provided* that, in lieu of overnight courier, Jackson may send such reports or notifications by first-class mail, but only if Jackson contemporaneously sends an electronic version of such report or notification to the Commission at: DEBrief@ftc.gov.

F. For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with Jackson.

Page 9 of 13

# VI.

## RECORD KEEPING PROVISIONS
### (Replaces § VIII of the Final Order)

**IT IS FURTHER ORDERED** that for a period of ten (10) years from the date of entry of this Supplemental Final Order, Jackson and his agents, employees, officers, corporations, and those persons in active concert or participation with him who receive actual notice of this Supplemental Final Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

- A. Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

- B. Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

- C. Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

- D. Complaints and refund requests (whether received directly, indirectly, or through any third party) and any responses to those complaints or requests;

- E. Copies of all sales scripts, training materials, advertisements, or other marketing

Page 10 of 13

materials used in future business endeavors by Jackson; and

F. All records and documents necessary to demonstrate full compliance with each provision of this Order, including, but not limited to, copies of acknowledgments of receipt of this Order required by the Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

## VII.

### DISTRIBUTION OF SUPPLEMENTAL FINAL ORDER
### (Replaces §XI of the Final Order)

**IT IS FURTHER ORDERED** that, for a period of seven (7) years from the date of entry of this Supplemental Final Order, Jackson shall deliver copies of the Final Order and Supplemental Final Order as directed below:

A. Defendant as Control Person: For any business that Jackson controls, directly or indirectly, or in which he has a majority ownership interest, he must deliver a copy of this Supplemental Final Order to: (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Final Order or Supplemental Final Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Supplemental Final Order upon Jackson. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A.2

of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B. Defendant as employee or non-control person: For any business where Jackson is not a controlling person of a business, but otherwise engages in conduct related to the subject matter of this Supplemental Final Order, Jackson must deliver a copy of this Supplemental Final Order to all principals and managers of such business before engaging in such conduct.

C. Jackson must secure a signed and dated statement acknowledging receipt of the Supplemental Final Order, within thirty (30) days of delivery, from all persons receiving a copy of the Supplemental Final Order pursuant to this Section.

## VIII.

## ACKNOWLEDGMENT OF RECEIPT OF SUPPLEMENTAL FINAL ORDER

**IT IS FURTHER ORDERED** that Jackson, within five (5) business days of receipt of this Supplemental Final Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Supplemental Final Order.

/////

/////

/////

/////

/////

/////

## IX.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that the Court shall continue to retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Supplemental Final Order.

**IT IS SO ORDERED**, this 6th day of April, 2009.

HONORABLE ROBERT L. ECHOLS
United States District Court Judge

Page 13 of 13